# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| GERALD W. PHILLIPS, ) | |
| ) | Case No. 4:04-cr-29-TRM-SKL-1 |
| *Petitioner*, ) | 4:16-cv-58-TRM |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| UNITED STATES OF AMERICA, ) | Magistrate Judge Susan K. Lee |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 270.)[1] Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague. (*Id.*) The United States agrees Petitioner is entitled a reduction in sentence with regard to his conviction under 18 U.S.C. § 922(g) but argues that the aggregate sentence should remain the same in light of his independent conviction and sentence for several other offenses. (Doc. 273.) Petitioner did not reply, and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons stated below, the motion to vacate will be **GRANTED** so far as it seeks *Johnson*-based relief from ACCA enhancement; the Court will order a full resentencing hearing as soon as reasonably practicable.

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee ("FDSET") for the limited purpose of reviewing the case to determine whether Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition for collateral relief.

I.  **BACKGROUND**

In 2004, Petitioner and a companion robbed a post office at gunpoint, barricaded the postal clerk in the bathroom, cut the phone lines, and ultimately left with more than $1,500.00 in cash, checks, and stamp stocks, as well as a money order imprinter, and 215 bank money orders. (Presentence Investigation Report ("PSR") at ¶¶ 21–24.)  Petitioner used the imprinter to print at least 173 money orders with a face value of $41,866.35; of those, money orders totaling $37,791.35 were cashed at Petitioner's direction (*Id.* at ¶¶ 36, 39–40, 42–45.)  As a result, the United States charged Petitioner with several offenses, and, while awaiting trial, he escaped from custody.  (*Id.* at ¶ 48.)[2]

In 2005, a jury convicted Petitioner of armed postal robbery, in violation of 18 U.S.C. § 2114(a); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g); theft of a postal money order machine, in violation of 18 U.S.C. § 500, and conspiracy to commit an offense against the United States, namely, using a stolen money order imprinter to pass stolen postal money orders, in violation of 18 U.S.C. § 371.  (Docs. 199, 231.)  Based on six prior convictions—five for escape and one for postal burglary, the United States Probation Office deemed Petitioner an armed career criminal subject to that provision's fifteen-year mandatory minimum sentence and career offender under Section 4B1.1 of the United States Sentencing Guidelines, with a corresponding Guideline range of 360 months to life imprisonment.  (PSR at ¶¶ 77–78, 88, 93, 96, 100, 101, 105, 119.)  In accordance with that designation, this Court sentenced Petitioner to

---

[2] Based on that conduct, Petitioner pled guilty to conspiracy to escape, in violation of 18 U.S.C. § 371, for which he received a concurrent sentence of 46 months' incarceration. [E.D. Tenn. Case No. 1:05-cr-105-CLC.]

an aggregate term of 360 months' incarceration—concurrent 276-month terms for both the § 2114(a) and § 922(g) offenses, concurrent 60-month terms for the § 500 and § 371 offenses, and a consecutive 84-month term for the § 924(c) offense. (Doc. 231.) Petitioner did not appeal and, as a result, his conviction became final for purpose of § 2255(f)(1) on February 17, 2006, at expiration of the time to file the same. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the period for filing the same elapses).

Petitioner filed the instant § 2255 petition on June 16, 2016, alleging he is no longer an armed career criminal or career offender in light of the *Johnson* decision. (Doc. 270.) Agreeing in part, the United States responded by urging the Court to amend Petitioner's sentence for the § 922(g) offense but to leave his aggregate 360-month sentence unaltered. (Doc. 273.)

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265

3

(U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted the instant petition for *Johnson*-based relief within subsection (f)(3)'s window.

## III.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV.  ANALYSIS

The petition contains two grounds for collateral relief: Petitioner argues that the *Johnson* decision (1) removed his prior escape convictions from the definition of "violent felony" in § 924(e) and that, without those convictions, he lacks sufficient predicates for ACCA enhancement; and (2) removed his prior escape convictions from the definition of "crimes of violence" in Section 4B1.2 of the United States Sentencing Guidelines and that, without those convictions, he lacks sufficient predicates for career offender enhancement. (Doc. 270.)

4

## A. Propriety of ACCA Designation After *Johnson*

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). If the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen-year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In the *Johnson* decision, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The Supreme Court did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified

5

under the enumerated-offense and use-of-physical-force clauses of the ACCA), *overturned on other grounds by Mathis v. United States*, 136 S. Ct. 2246, 2251 n.1 (2016), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding that *Johnson* precluded armed career criminal designation where one of three predicate offenses, aggravated assault, failed to qualify under either the enumerated-offense or use-of-physical force clauses).

Here, five of the six convictions used to designate Petitioner as an armed career criminal—all five for escape—no longer qualify as violent felonies after *Johnson* because they neither have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining that a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), nor fall within one of the enumerated categories of violent felony listed in § 924(e)(2)(B)(ii). Because all five escape convictions qualified as violent felonies by way of the residual clause, *see*, *e.g.*, *Watkins v. United States*, No. 1:03-cr-230, 2015 WL 9587712, at *3 (E.D. Tenn. Dec. 30, 2015) (finding that a prior Tennessee escape conviction had only qualified as a violent felony under the residual clause and, thus, was no longer an ACCA predicate post-*Johnson*); *United States v. Harris*, 165 F.3d 1062, 1068 (6th Cir. 1999) (holding that an escape conviction was a crime of violence under the residual clause in the Guidelines), none can be used for purposes of ACCA designation. As a result, Petitioner's 276-month term of imprisonment and five years' supervised release for the gun offense (Doc. 231) exceed his maximum authorized sentence as a non-ACCA offender by 156 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates

subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). The Court finds that he has demonstrated a clear entitlement to the requested collateral relief.

### B. Propriety of Career Offender Designation After the *Johnson* Decision

On March 6, 2016, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, the *Johnson* decision has no impact on the propriety of Petitioner's career offender designation under Section 4B1.1 of the United States Sentencing Guidelines.[3]

### C. Appropriate Form of Collateral Relief

It is well established that courts have "jurisdiction and authority to reevaluate the entire[ty] [of a petitioner's] aggregate sentence" when he or she was convicted of multiple counts, has one of those counts modified on collateral review, and his or her original sentence consisted of a unified "package" or interdependent "components of a single comprehensive sentencing plan." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997); s*ee also United States v. Gordils*, 117 F.3d 99, 102 (2nd Cir. 1997) (explaining "the district court's power extends not just to the conviction attacked by a defendant but to an aggregate . . . term of imprisonment").

---

[3] Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S.S.G. § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

7

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Given the substantial impact that Petitioner's ACCA designation had on his aggregate Guideline calculations, the Court finds resentencing to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motions (Doc. 270) will be **GRANTED** so far as it seeks *Johnson*-based relief from ACCA enhancement. As such, the sentence dated February 3, 2006 (Doc. 231) will be **VACATED** and a full resentencing hearing will be scheduled by separate Order as soon as reasonably practicable.

**AN APPROPRIATE ORDER WILL ENTER.**

> **/s/ *Travis R. McDonough***
> **TRAVIS R. MCDONOUGH**
> **UNITED STATES DISTRICT JUDGE**